IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY ROGER LEWIS,

    Defendant.

No. 1:98-cr-30049-AA
No. 1:16-cv-01267-AA

**OPINION & ORDER**

AIKEN, District Judge.

The matter comes before the Court on Defendant Timothy Roger Lewis's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. ECF No. 27. The Court finds that this matter is appropriate for resolution without a hearing and the motion is GRANTED. Defendant's sentence is VACATED and Defendant shall be transported for resentencing.

## BACKGROUND

In July 1999, Lewis entered a guilty plea to a charge of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). ECF No. 16; Presentence Report ("PSR") ¶¶ 1-2, Def. Mot. Ex. A, at 1. In November 1999, this Court sentenced Lewis to 188 months, which included the Armed Career Criminal Act ("ACCA") mandatory minimum sentence of 180 months. ECF No 22; Def. Mot. Ex. B.

At the time of his plea and sentencing, Lewis had the following relevant predicate convictions for purposes of the ACCA:

1. A North Dakota conviction for Robbery in Stuteman County District Court. Judgment was entered December 27, 1976. PSR ¶ 26.

Page 1 – OPINION & ORDER

2. A North Dakota conviction for Robbery While Possessing/Pretending to Possess a Dangerous Weapon in Morton County District Court. Judgment was entered January 8, 1979. PSR ¶ 28.

3. A North Dakota conviction for Robbery in Burleigh County District Court. Judgment was entered on January 11, 1980. PSR ¶ 29.[1]

Lewis did not file a direct appeal of his sentence. In 2015, the United State Supreme Court issued its decision in *Johnson v. United States*, ___U.S.___, 135 S.Ct. 2551, 2557 (2015) (*Johnson II*), which held that the residual clause of the Armed Career Criminal Act was void for vagueness. In 2016, the Supreme Court held that the *Johnson II* decision was retroactively applicable to cases on collateral review. *Welch v. United States*, ___U.S.___, 136 S.Ct. 1257, 1268 (2016). This motion followed.

## LEGAL STANDARDS

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

---

[1] The PSR reflects that Lewis has other convictions, including Oregon convictions for Burglary I and Assault II in Harney County Circuit Court, dating from January 22, 1999. PSR ¶ 30. The Oregon convictions were entered after the present offense, however, and cannot serve as predicate convictions. The Court has confined itself to the North Dakota convictions for Robbery, which the parties agree will prove dispositive.

A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). The limitations period runs one year from the latest of four dates: (1) when the judgment of conviction became final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

## DISCUSSION

Federal law generally prohibits felons from possessing firearms. 18 U.S.C. § 922(g)(1). Under ordinary circumstances, ten years is the maximum term of imprisonment for a violation of § 922(g). However, if a felon with three previous convictions for a "violent felony or a serious drug offense" violates § 922(g), the ACCA mandates a sentence of at least 15 years. 18 U.S.C. § 924(e)(1). Lewis asserts that his convictions for Robbery in North Dakota no longer qualify as violent felonies in light of *Johnson II* and that he is therefore no longer subject to the ACCA's mandatory minimum sentence.

### I. The Categorical Analysis and the Elements Clause

The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The final clause, highlighted above, is known as the "residual clause."

In June 2015, the Supreme Court struck down the residual clause as unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson II*, 135 S.Ct. at 2555-57. As a consequence, the scope of offenses constituting violent felonies narrowed considerably. In the wake of the *Johnson II* decision, a prior conviction only qualifies as a violent felony if it either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (the "elements clause,"); or (2) "is burglary, arson, or extortion, [or] involves the use of explosives," (the "enumerated offenses.").

Courts use the "categorical approach" to determine whether a prior conviction is a predicate offense under the ACCA. *United States v. Parnell*, 818 F.3d 974, 978 (9th Cir. 2016). Using the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 2281 (2013). "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* Under the categorical approach, courts do not look beyond the elements of the statute of conviction and must presume that the conviction rests upon the least of the acts criminalized. *Ramirez v. Lynch*, 810 F.3d 1127, 1131 (9th Cir. 2016). If, after conducting this analysis, the court concludes that the state statute of conviction criminalizes more conduct than the generic offense, then it is overbroad and the conviction will not qualify as a predicate offense. *Id.*

The Supreme Court has, however, recognized that some statutes set out one or more elements of the offense in the alternative, essentially forming "several different crimes." *Descamps*, 133 S.Ct. at 2281, 2284. "If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of." *Id.* at 2285. In cases involving such "divisible" statutes, courts are permitted to apply the "modified categorical approach." *Id.* at 2281. Under the modified categorical approach, courts may look beyond the elements of the statute to documents like charging instruments, jury instructions, plea agreements, transcripts of plea hearings, and judgments to determine whether the defendant was convicted of a set of elements that fall within the generic definition. *Mathis v. United States*, ___U.S.___, 136 S.Ct. 2243, 2249 (2016); *Ramirez*, 810 F.3d at 1131. Here, the parties agree

that the relevant North Dakota Robbery statute, N.D. Cent. Code § 12.1-22-01, is indivisible, precluding application of the modified categorical approach. Def. Mem. 7; Gov't Resp. 6 n.1.

In this case, neither party asserts that Robbery falls within the ACCA's list of enumerated offenses, and so the analysis will focus on the elements clause. To qualify as a predicate offense under the elements clause, the state statute must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The simple fact that the statute includes an element involving the use of physical force against another person is not sufficient to place a conviction within the bounds of the elements clause. The Supreme Court has held that "physical force" in the ACCA means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*).

To determine whether a conviction involves violent force, courts must look to both the text of the statute and to the state courts' interpretations of its terms. *United States v. Strickland*, 860 F.3d 1224, 1226 (9th Cir. 2017). "State cases that examine the outer contours of the conduct criminalized by the state statute are particularly important because 'we must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized.'" *Id.* at 1226-27 (quoting *Moncrieffe v. Holder*, 569 U.S. 184 (2013)).

Finally, The Ninth Circuit has held that an offense must be intentional or knowing in order to qualify as a violent felony under the ACCA elements clause and that statutes permitting conviction based on recklessness or criminal negligence fall outside of the ACCA. *See, e.g., United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) ("[T]he use of force must be intentional, not just reckless or negligent."); *Parnell*, 818 F.3d at 981 n.5 ("We have held,

however, that the ACCA's force clause reaches only offenses requiring the intentional use of force.") (citing *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010)).

## II. Robbery in North Dakota

Lewis argues that North Dakota Century Code § 12.1-22-01 is overbroad because (1) a defendant may be convicted based on reckless conduct; and (2) the statute does not require "violent" force within the meaning of the ACCA. Section 12.1-22-01 provides as follows:

> 1. A person is guilty of robbery if, in the course of committing a theft, he inflicts or attempts to inflict bodily injury upon another or threatens or menaces another with imminent bodily injury.
>
> 2. Robbery is a class A felony if the actor fires a firearm or explodes or hurls a destructive device or directs the force of any other dangerous weapon against another. Robbery is a class B felony if the robber possesses or pretends to possess a firearm, destructive device, or other dangerous weapon, or menaces another with serious bodily injury, or inflicts bodily injury upon another or is aided by an accomplice actually present. Otherwise robbery is a class C felony.
>
> 3. In this section:
>
>> a. An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft, whether or not the theft is successfully completed, or in immediate flight from the commission of, or an unsuccessful effort to commit, the theft.
>>
>> b. "Dangerous weapon" means a weapon defined in subsection 6 of section 12.1-01-04 or a weapon the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury.

N.D. Cent. Code § 12.1-22-01.[2]

North Dakota law provides that when a statute defining a crime "does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully." N.D. Cent. Code § 12.1-02-02(2).[3] North Dakota

---

[2] North Dakota has not amended § 12.1-22-01 since it was enacted in 1973.
[3] Consistent with that statutory scheme, the North Dakota model jury instructions provide that the *mens rea* required for conviction under § 12.1-22-01 is "willfully." N.D. J.I. Crim. § 9.03 (Class C Robbery).

defines "willfully" as encompassing intentional, knowing, or reckless conduct. N.D. Cent Code § 12.1-02-02(1)(e).

In this case, the Government concedes that a defendant may be convicted under § 12.1-22-01 based on reckless conduct, but contends that the Supreme Court's recent decision in *Voisine v. United States*, ___U.S.___, 136 S. Ct. 2272 (2016), has expanded the reach of ACCA to include predicate convictions for reckless conduct in addition to intentional or knowing offenses.

In *Voisine*, the Supreme Court held that the prohibition on possession of firearms by those convicted of misdemeanor crimes of domestic violence established by 18 U.S.C. § 922(g)(9) extended to those convicted of reckless conduct in addition to those convicted of intentional or knowing acts.[4] *Voisine*, 136 S. Ct. at 2276. In reaching its conclusion, the Supreme Court noted that its previous decision in *Leocal v. Ashcroft*, 543 U.S. 1, 13 (2004), had interpreted the "use of force" clause of 18 U.S.C. § 16 to exclude "merely accidental" conduct, but that it had reserved ruling on whether § 16 reached reckless conduct.[5] *Id.* at 2279-80. The Supreme Court explicitly followed that example in *Voisine*:

> Like *Leocal*, our decision today concerning [18 U.S.C] § 921(a)(33)(A)'s scope does not resolve whether § 16 includes reckless behavior. Courts have sometimes given those two statutory definitions divergent readings in light of differences in their contexts and purposes, *and we do not foreclose that possibility with respect*

---

[4] "Misdemeanor crime of domestic violence" is defined as an offense that is a misdemeanor under federal, state, or tribal law and "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A).

[5] Other than the inclusion of uses of force against the property of another, the definition of "crime of violence" set out in § 16(a) closely mirrors that of the ACCA elements clause:
> The term "crime of violence" means-
> (a) An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) Any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

> *to their required mental states. . . .* All we say here is that *Leocal*'s exclusion of accidental conduct from a definition hinging on the "use" of force is in no way inconsistent with our inclusion of reckless conduct in a similarly worded provision.

*Voisine*, 136 S. Ct. at 2280 n.4 (emphasis added) (internal citation omitted).

As previously noted, it is well established within the Ninth Circuit that reckless and negligent offenses fall outside of the ACCA elements clause. *See Dixon*, 805 F.3d at 1197; *Parnell*, 818 F.3d at 981 n.5. Prior circuit court cases may be "effectively overruled" if intervening higher authority has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). In this case, the Government argues that *Voisine* has effectively overruled the Ninth Circuit's earlier decisions limiting ACCA predicate convictions to intentional or knowing offenses.

The Court is not convinced. By its plain terms, the Supreme Court's decision in *Voisine* was limited to § 921(a)(33)(A) and expressly declined to decide whether reckless conduct satisfied the elements clause of § 16. *Voisine*, 136 S. Ct. at 2280 n.4. The ACCA is not discussed, although the Ninth Circuit recently acknowledged that there may be "tension" between the holding of *Voisine* and prior circuit authority regarding reckless offenses. *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016).[6] The Court concludes, however, that the Ninth Circuit's prior decisions concerning reckless offenses are not "clearly irreconcilable" with *Voisine*. Indeed, the Supreme Court itself suggested § 921(a)(33)(A) and § 16 might be given

---

[6] In *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016), the Ninth Circuit found that the defendant's predicate conviction could be satisfied by negligent conduct and that it was not necessary to make a further inquiry into the implications of *Voisine* on convictions for reckless conduct. The *Benally* court acknowledged "tension" between *Voisine* and the Ninth Circuit's earlier decision in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2003) (en banc), which held that reckless offenses fall outside of § 16. The *Benally* court went on, however, to rely on *Fernandez-Ruiz* in overruling the holding of an older case, *United States v. Springfield*, 829 F.2d 860 (9th Cir. 1987). *Benally*, 843 F.3d at 354. The *Benally* court's continued reliance on *Fernandez-Ruiz* tacitly suggests that the court did not view the holding of *Voisine* as clearly irreconcilable with a definition of "crime of violence" that excludes reckless conduct.

"divergent readings," with respect to the required mental state because of the statutes' differing purposes and contexts. *Voisine*, 136 S. Ct. at 2280 n.4. The Court sees no reason why that principle might not also apply to the ACCA elements clause, thereby bringing prior circuit authority into harmony with the Supreme Court's decision in *Voisine*. Resolution of that issue is not, however, before this Court.

As *Voisine* is not "clearly irreconcilable" with *Dixon*, *Lawrence*, and *Parnell*, those earlier Ninth Circuit decisions remain binding on this Court. Because North Dakota permits conviction for § 12.1-22-01 based on reckless conduct, the Court concludes that the statute is overbroad. The parties agree that § 12.1-22-01 is indivisible. A statute that is overbroad and indivisible may not serve as an ACCA predicate. *See Descamps*, 133 S.Ct. at 2285-86. In light of the statute's overbroad mental requirement, the Court need not resolve the question of whether § 12.1-22-01 requires violent physical force within the meaning of the ACCA and Lewis's § 2255 Motion is GRANTED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion is GRANTED and Defendant's prior 188-month sentence is VACATED. Defendant is ordered to be transported to the District of Oregon for resentencing. The courtroom deputy will contact the parties to arrange an appropriate date for Defendant's resentencing.

It is so ORDERED and DATED this 9th day of January, 2018.

_____
ANN AIKEN
United States District Judge