IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**TIMOTHY ROGER LEWIS,**

    Defendant.

No. 1:98-cr-30049-AA
No. 1:16-cv-01267-AA

**OPINION & ORDER**

AIKEN, District Judge.

On January 9, 2018, this Court granted Defendant Timothy Roger Lewis's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 45. The Government now moves for reconsideration of that Order pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 46. The Court finds this motion appropriate for resolution without oral argument and the Government's motion is DENIED.

**DISCUSSION**

**I.**    **Standards for Reconsideration**

As a preliminary matter, the Court must address the appropriate standard for consideration of this motion. The Government asserts, and Lewis appears to accept, that this case involves the application of Federal Rule of Civil Procedure 59(e), which is the procedural mechanism for altering or amending judgments in certain extraordinary circumstances. Fed. R. Civ. P. 59(e); *Rishor v. Ferguson*, 822 F.3d 482, 489-92 (9th Cir. 2016) (applying Rule 59(e) standards to a post-judgment motion for reconsideration in a habeas case). The prior Order at

issue here was not a final judgment, however, but an interlocutory order vacating Lewis's sentence and directing that he be transported for resentencing. As there is no final judgment to alter or amend, Rule 59(e) is not the appropriate vehicle for the relief sought by the Government. *See, e.g., Motorola Inc. v. J.B. Rodger's Mech. Contractors, Inc.*, 215 F.R.D. 581, 582 n.1 (D. Ariz. 2003). The Court therefore construes the motion as one brought pursuant to the Court's inherent power to reconsider its own interlocutory orders.

"'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaxo, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "[W]hen a district court issues 'an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59.'" *Id.* (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). As there has been no appeal and Lewis's re-sentencing has not yet taken place, the Court concludes that it retains jurisdiction over the case.

"A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule court should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks and citation omitted). In practical terms, this means district courts are guided by substantially the same standards as when considering motions for reconsideration brought pursuant to the Federal Rules of Civil Procedure. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (reviewing a district court's

decision to deny reconsideration of a ruling on a preliminary injunction when the motion was submitted after the court made its oral ruling but before it issued a written opinion). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (emphasis in original).[1]

## II. Reconsideration

The Court therefore turns to the substance of the Government's motion. In granting Lewis's § 2255 motion, the Court concluded that Lewis's prior convictions for Robbery under North Dakota law were not ACCA predicate offenses because the relevant statute, N.D. Cent. Code § 12.1-22-01, was indivisible and permitted conviction based on reckless conduct. In reaching this conclusion, the Court rejected the Government's argument that the Supreme Court's decision in *Voisine v. United States*, ___U.S.___, 136 S. Ct. 2272 (2016), was "clearly irreconcilable" with prior Ninth Circuit precedent restricting ACCA predicate convictions to offenses involving intentional or knowing conduct.

In its motion for reconsideration, the Government argues that the Court's conclusion constituted a "manifest error of law," because the Eighth Circuit and a North Dakota district

---

[1] For the sake of comparison, reconsideration under Rule 59(e) "is an extraordinary remedy usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016) (quotation marks and citation omitted). Rule 59(e) does not permit the movant to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* Given the similarity of the analysis, the Court concludes that the Government's motion fails whether considered under Rule 59(e) or under the Court's inherent powers.

court have concluded that *Voisine* expanded the scope of the ACCA to include reckless offenses. *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016); *Nilsen v. United States*, Case No. 1:16-cv-152, Case No. 1:12-cr-111, 2017 WL 2178313 (D.N.D May 17, 2017).[2]

In the first instance, the Government is barred from raising this issue in a motion for reconsideration. As discussed above, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enters.*, 229 F.3d at 890. The Court notes that the reconsideration order in *Nilsen* was issued on June 29, 2017, Gov't Mot. Ex. 1, while the *Fogg* decision was issued on September 8, 2016. The Government could have cited *Fogg* or the *Nilson* reconsideration order in its Response to Lewis's § 2255 motion. ECF No. 42. The Government presents no argument as to why it waited until the motion for reconsideration to raise *Nilsen* or *Fogg*.

Furthermore, the Court based its decision on a close reading of *Voisine* and prior Ninth Circuit decisions excluding reckless offenses from serving as ACCA predicates. *Nilsen* and *Fogg* are not binding on this Court and it was not a "manifest error of law" for the Court to follow existing Ninth Circuit precedent to reach a contrary conclusion on the application of *Voisine* to the ACCA elements clause.[3] Nor do *Nilsen* and *Fogg* represent a clear consensus of post-*Voisine* persuasive authority regarding reckless offenses under the ACCA elements clause.

---

[2] In particular, the Government cites to *Nilsen* court's order granting reconsideration of its prior decision, based on the holding of *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016). Gov't Mot. Ex. 1. ECF No. 46-1.

[3] The Government's motion suggests that this Court must follow the example of the *Nilsen* court in granting reconsideration based on *Fogg*. The Government's suggestion is not well taken. In granting reconsideration, the *Nilsen* court determined that its earlier decision was in issued in error based on its failure to follow the Eighth Circuit's decision in *Fogg*. Such a decision was perfectly appropriate because, as part of the District of North Dakota, the *Nilsen* court was bound to follow the decisions of the Eighth Circuit, including *Fogg*. *See, e.g., Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own circuit and are not to resolve splits between circuits no matter how egregiously in error they may feel their own circuit to be.") (internal quotation marks and citation omitted). It goes without saying that the same principle applies to this Court when faced with controlling Ninth Circuit authority.

*See, e.g. United States v. Windley*, 864 F.3d 36, 37-39 (1st Cir. 2017) (holding that a conviction for a reckless offense does not qualify as an ACCA predicate); *United States v. Taylor*, 272 F. Supp.3d 127, 146 (D.D.C. 2017) (explicitly rejecting the reasoning of *Fogg* in holding that "a state statute that requires the mere reckless application of force . . . does not meet the requirements of the elements clause of the ACCA.").

At best, *Nilsen* and *Fogg* are evidence of a developing circuit split and the resolution of such a split is not within the purview of the district courts. *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987). In the absence of clear direction from the Supreme Court or the Ninth Circuit, this Court's decision was not manifest error. The Government's motion is therefore DENIED.

## CONCLUSION

For the reasons set forth above, the Government's Motion for Reconsideration, ECF No. 46, is DENIED.

It is so ORDERED and DATED this 21 day of February, 2018.

_____
ANN AIKEN
United States District Judge